## J. C. McLaren v. The State.

### No. 5115.   Decided March 12, 1919.

**1.—Murder—Age of Defendant—Juvenile Act—Statutes Construed.**

One who commits a felony while under seventeen years of age, if he is more than seventeen years of age when brought to trial, can properly be tried in the District Court, in the same manner as one who was more than seventeen years of age when the offense was committed.

**2.—Same—Statutes Construed—Children—Delinquents.**

The language of the entire Junvenile Act, embraced in title 17, Code of Criminal Procedure of Texas, is that ordinarily used, in speaking of a child and children delinquents.

**3.—Same—Statutes Construed—Juvenile—Age of Defendant.**

It could hardly be seriously contended that one who had committed a heinous crime, as for instance murder, while fifteen or sixteen years of age, and who was not apprehended or indicted until he was past twenty-one, would, by reason of such lapse, go absolutely unwhipped of justice, and it is not provided in the statutes that the age when the offense was committed should be set forth in the application provided for in article 1195, C. C. P., or thereafter inquired into.

**4.—Same—Statutes Construed—Juvenile Act.**

The plain inference is that if at the time of making the application alleging that the accused is a juvenile, it appears from such hearing that he is not then less than seventeen years of age, the prosecution shall not be dismissed but shall proceed as in other felony cases, so that the inquiry has reference to the age of the accused when brought to trial and not to the time of the commission of the offense.

**5.—Same—Practice in District Court—Former Appeal.**

Where, upon former appeal, it was decided that the court below erred in not remanding the defendant for prosecution to the Juvenile Court, and in the meantime defendant became seventeen years of age, the trial court, retaining jurisdiction, proceeded to try him for murder convicting him of such offense, under the usual felony procedure in such cases in the District Court, there was no reversible error, and the action of the lower court in that first trial is not now before this court for revision.

**6.—Same—Former Trial—Procedure—Practice in District Court.**

The finding of the District Court that the appellant was under seventeen years of age in a former and different trial than the one from which this appeal is prosecuted, does not *ipso facto* make· all subsequent proceedings, such as judgment, sentence, etc., absolutely void, and the court properly proceeded to try him for murder he being then more than seventeen years of age.

**7.—Same—Statutes Construed—Practice in District Court.**

Had the court below, upon the receipt of the mandate of this court reversing this case upon a former appeal, proceeded by dismissal of the felony charge, and a hearing upon a complaint filed against appellant charging him as a juvenile, the grand jury could have reindicted him for murder as he was clearly then over the age of seventeen, but, the law will not countenance or require the doing of a useless thing, and the court below did

rot therefore err in not dismissing the case, retaining jurisdiction to hear and determine the same, and trying and convicting him of murder.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*E. A. Berry,* Assistant Attorney General, *Wilcox & Graves,* for the State.—On question of statutes construed: McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611; Exparte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051; Townseer v. State, 79 Texas Crim. Rep.. 4, 182 S. W. Rep., 1104; Davis v. State, 80 Texas Crim. Rep., 118, 188 S. W. Rep., 990; Arrendell v. State, 60 Texas Crim. Rep., 350.

LATTIMORE, Judge.—This is the second appeal in this case. The facts are fully stated in the opinion on the former appeal, and we omit discussion of them here.

But one question is presented by able counsel for appellant, before the court on this appeal, which, broadly stated, is whether one, who commits a felony while under seventeen years of age, if he is more than seventeen years of age when brought to trial, could properly be tried in the District Court in the same manner as one who was more than seventeen years of age when the offense was committed.

The language of the entire Juvenile Act, embraced in Title 17 C. C. P. of Texas, is that ordinarily used in speaking of a child. Those subject to such laws are called "children." If violators of its provisions they are called "delinquents" and are committed to a "school" where it is expressly provided they may not be "detained" after reaching the age of twenty-one years.

It could hardly be seriously contended that one who had committed a heinous crime, as, for instance, murder, while fifteen or sixteen years of age, and who was not apprehended or indicted until past twenty-one, would, by reason of such lapse, go absolutely unwhipped of justice, unless the language of the law were such as that it was reasonably susceptible of no other construction than one which produced such result. And this is true whether such lapse resulted from an act of the accused or of another, for neither his resistance to, or avoidance of, prosecution, nor the State's failure or refusal to prosecute could add to or take from the force of the law as written.

Article 1195, Title 17, C. C. P. provides that when an indictment is returned against a person, he, or some other named person for

him, may at any time before trial file a sworn statement in court setting forth the age of such person as a juvenile. It is not provided nor hinted that the age when the offense was committed should be set forth in such application or thereafter inquired into. Said article further provides for a hearing before the court upon such application, and uses this language: "And if he be satisfied from the evidence that such juvenile is less than seventeen years of age, said judge shall dismiss such prosecution, etc." The plain inference being that if at such time it appear from such hearing that the accused is *not* then less than seventeen years of age, the prosecution shall *not* be dismissed but shall proceed as in other felony cases.

Said act further contains the following language: "The age of the defendant shall not be admitted by the attorney representing the State, but shall be proved to the satisfaction of the court by full and sufficient evidence that the defendant is less than seventeen years of age, before the judgment of commitment to such institution shall be entered." It is too plain for cavil that the inquiry and commitment referred to have reference to the age of the accused when brought before the court, and not to the time of the commission of the offense.

Such being the law, we are called upon to decide whether the trial court in this case erred at its January term, 1918, when it found;—correctly as admitted by appellant;—that at that time appellant was not under seventeen years of age, and in proceeding to try him for killing his father under the usual felony procedure in such cases. We hold that it did not. Counsel urges that his client should have been tried in the first instance in the Juvenile Courts and that the District Court erred in not dismissing such case upon the first hearing, and sending the prosecution to the Juvenile Court. This court agreed with this contention of counsel in its former opinion, but the action of the lower court in that first trial is not now before us for revision. That the said trial court then erred in not remanding the appellant for prosecution to the Juvenile Courts is no reason why he should not now be tried in a proper manner in a court which unquestionably has jurisdiction in this case. If, upon the hearing of the question of his age, on the trial from which this appeal is prosecuted, it was found by the court that he was then over seventeen years of age, the court properly and correctly retained jurisdiction of the case and properly proceeded to hear and determine same. It is not the province of this court to attempt to redress real or imaginary wrongs of defendants unless the same result from the failure to follow the law in the instant case and in the matter before the court. If appellant thinks the law is wrong the Legislature is the tribunal to which he should appeal. If he thinks the punishment given in this case is not commensurate with his tender years, that

3—T. C.

is a matter that should be presented to the Chief Executive. Few cases of more deliberate, cold-blooded homicide are to be found in the books.

The judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

March 12, 1919.

LATTIMORE, Judge.—This case is again before us on appellant's motion for rehearing, which presents but one question, viz: that the finding of the District Court of Williamson County that the appellant was under seventeen years of age in a former and different trial of appellant than the one from which this appeal is prosecuted, ipso facto made all subsequent proceedings such as judgment, sentence, etc., absolutely void.

Appellant's counsel based this contention apparently on the statement and assumption that because of this court's decision on a former appeal of this case it is now the settled law of this State that Article 1195 C. C. P., is mandatory, and that, therefore, when the court below made such finding of fact relative to the age of appellant in said case, that the application of the settled law was instantaneous like the immediate action of an automatic brake, and that the wheels of justice in the felony trial in said court were legally and finally stopped by such application. If his interpretation of what is necessary to constitute settled law be correct, and obtained at the time of said former trial, then it is clear that under the then settled law the trial court had a complete right to find not only that appellant was under seventeen years of age at the time of his trial, but also to refuse to dismiss the felony prosecution pending against him, and, in the exercise of the court's discretion, to proceed to try appellant therefor. We make this observation for the reason that in the last decisions rendered by this court interpreting said Article 1195, before the said first trial of appellant, it had been held that the trial court was empowered to do just as the court below did in said cause at said time, (See Davis v. St., 80, Texas Crim. Rep., 118, 188 S. W. Rep., 990; Townser v. St., 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1104) and it is apparent that if the court had acted otherwise than it did, it would have been in direct conflict with such settled law. This court's decision in the former appeal of this case, (199 S. W. Rep., 811) rightly interpreted, holds that in any case where a juvenile is charged with felony, and makes the statutory affidavit as to his age, that upon an ascertainment of that fact, as being under seventeen at the time, would make it the duty of the court to remand such person to the Juvenile Court for trial. This court did not reverse and dismiss the case when brought

before it on said former hearing, as would probably have been the case if appellant had been held under a void judgment or sentence. We observe that a judgment of this court holding an indictment bad would not have the effect of making void all judgments of conviction theretofore had under similar indictments which for reasons sufficient the court held to be good. We state further, the judgment of this court was declaratory of the law and did not make the law.

An examination of Articles 1195 and 1199 · C. C. P., with a view of ascertaining what would have been the duty of the trial court, according to appellant's contention, after the rendition of the former judgment of this court, discloses that if said trial court .had proceeded, upon the receipt of the mandate of this court, to then file complaint against appellant as a juvenile, as required by the provisions of Article 1199, supra, it would have been confronted at the threshold of said proceeding with the fact that appellant was not then under seventeen years of age, and. with the express mandate of Article 1195, that before a judgment of commitment could be entered committing appellant to the State Industrial School for Boys, it would have to be shown to the satisfaction of the court that he was then less than seventeen years of age, and it is further emphasized in said article that he must actually then be less than seventeen years of age, by specifically providing that such fact shall not be admitted by State's attorney but must be "proved by full and sufficient evidence." This is said in view of the fact that appellant's age as shown on said former appeal to this court, was more than seventeen years when the judgment of reversal was here entered, and necssarily more than that when the mandate of this court reached the court below. The logic of the contention of appellant might result in a patricide of the most pronounced type going scot-free. We can not agree with appellant's contention. Had the court below, upon the receipt of the mandate of this court reversing this case upon a former appeal, proceeded by dismissal of the felony charge, and a hearing upon a complaint filed against appellant charging him as a juvenile, and thus have attempted to do what appellant seems to contend should have been the proceeding, we think it clear that this could have resulted only in the trial court entering an order that appellant was not then a juvenile, and in such case, there being no question of jeopardy, it would have been the plain duty of the grand jury of Williamson County to re-indict appellant for murder, and it would follow that he being then clearly over the age of seventeen, the trial court, in the exercise of its proper jurisdiction, would have proceeded to try him on said charge as an ordinary felon.

The law will not countenance or require the doing of a useless thing; nor that its machinery of justice should perform extra labor where but one result could legally follow, and we hold that the

court below did not err in not dismissing the case, and that it properly retained jurisdiction to hear and determine the same.

If the fallibility of human judgments and the difficulty in ascertaining in a given proceeding just what is the law as written, results in an apparent hardship, and in confining the appellant in the penitentiary instead of the reform school, it is to be regretted from his standpoint, but this court must follow that course and pronounce that judgment which to it seems the only conclusion it can reach by trying to follow the law as it understands it to be and as interpreted heretofore by the decisions.

The motion for rehearing is accordingly overruled.

*Overruled.*