CHARLIE STRACNER v. THE STATE.

No. 5422. Decided June 18, 1919.

Rehearing denied October 29, 1919.

1.—Seduction—Continuance—Third Application—Want of Diligence.

Where, upon trial of seduction, the third application for a continuance showed a want of necessary diligence; and besides, the evidence set out in the application was of a cumulative character, and the same as set out was not sufficiently specific in matters of dates, etc., there was no error in overruling the application for continuance and the motion for new trial.

2.—Same—Newly Discovered Evidence—Affidavits—Practice on Appeal.

Where affidavits pro and con were appended to the motion for new trial alleging newly discovered evidence, and the evidence introduced on the trial on this contest, if any was introduced, is not in the record and said motion is overruled, there was no reversible error.

3.—Same—Evidence—Bills of Exception—Profert of Child.

Where the bill of exceptions recited that the prosecuting witness was permitted to carry with her on the witness stand, etc., the child which was alleged to have been that of the defendant, etc., but said bill stated no ground of objection the matter cannot be intelligently reviewed on appeal.

4.—Same—Bill of Exceptions—Evidence—Promise of Marriage.

Where, upon trial of seduction, the bill of exceptions recited that the prosecutrix was permitted to testify that she yielded to the defendant because he had promised to marry her, and on cross-examination that she yielded because she loved him, but the grounds of objection were not stated, there was no error; besides, the evidence was admissible.

5.—Same—Evidence—Bill of Exceptions—Associations with Lewd Women.

Where, the bill of exceptions recited that the defendant was not permitted to introduce testimony that the sister of the prosecutrix had been convicted of murder and that her child was a bastard, but did not point out the purpose for which this testimony was to be introduced, the same was

insufficient; besides, it was shown that the prosecutrix had never associated with her sister or sister's son, and therefore did not bring the testimony within the rule of associating with lewd women.

### 6.—Same—Evidence—Bill of Exceptions—Character of Prosecutrix.

Where, upon trial of seduction, the defendant in attempting to attack the prosecutrix's character for chastity complained that he was not permitted to show an act of unchastity upon her part, but the bill of exceptions did not show when this occurred and the record further showed that the witness was allowed to testify fully as to this matter, there was no reversible error.

### 7.—Same—Sufficiency of the Evidence.

Where, upon trial of seduction, the record on appeal showed that the testimony of the prosecutrix was sustained by other evidence, and that all of the evidence sustained the conviction, there was no reversible error.

### 8.—Same—Rehearing—Corroboration—Sufficiency of the Evidence—Letters.

Where, upon trial of seduction, the testimony of the prosecutrix was fully corroborated by the letters of the defendant to the prosecutrix, the conviction was sustained and there was no reversible error.

### 9.—Same—Juvenile—Minority—No Defense—Seduction—Age of Defendant.

Where appellant's contention was that he was about sixteen or seventeen years of age at the time of the alleged seduction, and that he should have been tried under the law with reference to delinquent children, but the record showed that he was nineteen years of age when he was tried there was no error; besides the fact that he was a minor would not excuse him for seducing a female under a promise of marriage, there was no reversible error. Following Hinman v. State, 59 Texas Crim. Rep., 34, and other cases.

Appeal from the District Court of Upshur. Tried below before the Hon. P. O. Beard.

Appeal from a conviction of seduction; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Barnwell* and *T. H. Briggs*, for appellant.—On question of continuance: Perez v. State, 87 S. W. Rep., 350; Sharp v. State, 61 Texas Crim. Rep., 247, 134 S. W. Rep., 333; Creacy v. State, 73 Texas Crim. Rep., 527, 166 S. W. Rep., 162; Hughes v. State, 204 S. W. Rep., 640.

On question of newly discovered evidence: Mireles v. State, 204 S. W. Rep., 861; Roy v. State, 24 Texas Crim. App., 369.

On question of not permitting defendant to show that prosecutrix associated with lewd women; Jeter v. State, 52 Texas Crim. Rep., 212; Caviness v. State, 42 id., 420.

*E. A. Berry*, Assistant Attorney General and *C. E. Florence*, for the State.—On question of bill of exceptions as being insufficient: Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep.,

119;   Venn v. State, recently decided;   Day v. State, 62 Texas Crim. Rep., 527;   Snodgrass v. State, 36 id., 207.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of se ducing Elsie Glasscock and allotted four years in the penitentiary.

He filed an application for a continuance on the 4th day of February, 1919, alleging the absence of several witnesses.  He seems to rely alone upon the absence of Jerry Parish and Will Bolton.  The indictment was returned on the 26th day of January, 1918.  Appellant's first application was filed on the 4th of February, 1918.  The second application was filed by him on the 22nd day of July, 1918.  So this is the third application.  The second application was based, among other names, upon the absence of Will Bolton and Jerry Parish.  This application shows that process for Jerry Parish was issued on the 21st day of January, 1919, direct to the sheriff of Bexar County.  Parish was in the United States Army in Camp Travis, Bexar County. The second application shows that he issued process for Parish on the 22nd day of July, 1918.  He also alleges in that that witness attended that term of the court.  This shows a want of diligence, and especially in view of the fact that about the Christmas holidays 1918, or the first of January, 1919, Parish was in Upshur County on a furlough visiting friends and relatives.  The father of appellant saw Parish and talked with him, and asked him to attend the trial, but no effort was made to secure process for the witness at that time, nor for some time afterward.  He had known for months that Parish was in the army, and that he was at Camp Travis.  There was no diligence used to ascertain his whereabouts further than as stated.  Appellant says that he issued process for the witness in the name of Jerry, when he ascertained afterward that his initials were M. S.; that they had been raised in the same neighborhood, two or three miles of each other.  We are of opinion that the diligence set up is not sufficient; in fact, there is a want of necessary diligence.  The evidence expected to be obtained from this witness was to the effect that he had been intimate with the prosecutrix, and had gone with her a great deal in company, buggy driving, etc.  These matters came up during the trial.  A great many witnesses testified with reference to the character of the girl, some of whom gave her a bad reputation; others the contrary. It came as a matter of evidence as to whether she was in the habit of going out in company and to public gatherings, socials, attending church, etc., with young men other than defendant, and the evidence is practically one way, that this was not true; that she had gone a few times with others than defendant, but that he was her constant attendant "in season and out of season," and with a very few exceptions he was her attendant whenever she left

home on any of these occasions. The testimony set out in the third application, the one under consideration, with reference to what could be shown by Parish, is rather general in statements. In substance he expected to prove by Parish that he was acquainted with prosecuting witness, was in her company a great deal during the time the alleged "seductive conduct" was being carried on between defendant and prosecutrix, and carried her to parties, churches, and was often her escort, and that defendant believed and expected to prove by said witness specific acts of intimacy with said Elsie Glasscock. This is too general in its statements. When these acts occurred, if they did occur, or when he expected to show that they did occur, is not stated. If they occurred after the seduction of the girl by the appellant, it would not be very material. If the girl was unchaste or had acts of intercourse with other men before appellant seduced, or had carnal intercourse with her, the testimony might become valuable, but these statements do not show at what time he expected to show that Parish had intercourse with the girl. In the light of this application, from the standpoint of the motion for a new trial, we are of opinion that the court did not err in refusing the continuance. The matter of Parish's attention to the girl became a matter of evidence, and it is of such a nature from all the testimony that it shows he was not her constant attendant and only went with her a very few times. We deem it unnecessary to discuss the absence and the relation of the witness Bolton to the case. This testimony would be considered in the main cumulative, except perhaps as to one feature of it, and that was that he expected Parish to testify that he had had "specific acts of intimacy" with the prosecutrix.

Appended to the motion for new trial there are several affidavits alleging newly discovered testimony. To this there was filed controverting affidavits and a contest is shown. The evidence introduced on the trial on this contest is not of record, if evidence was introduced. How the court tried this question is not shown by this record; whether on the affidavits, or heard testimony. It does show, however, he overruled it, and there is a bill of exceptions reserved, but it sets out only the affidavits. There is nothing shown by the bill indicating that evidence was introduced and heard by the court. The court simply signs the bill containing the affidavits without qualification. We deem it unnecessary to discuss this phase of the record. The action of the court we think was not erroneous, and as presented the court was correct in overruling it.

There are quite a number of bills of exception. Most of these are so general in statement they are not in condition to be considered. One of the bills recites that the prosecuting witness was permitted to carry with her and have in her lap on the witness

stand while testifying the child which was alleged to have been the child of defendant, thereby making profert of said child, and further permitted one of State's counsel, private prosecutor, in the presence of the jury, to take the baby from the arms of said witness and remove it from the courtroom. Appellant objected but states no ground of objection, nor any of the attendant facts. Just how this matter was presented is not stated. If the child was in its mother's lap without objection, advantage could not be taken of it. If, however, there was an objection, as indicated here, and the child was immediately removed, and that constituted the entire performance, we are of opinion no such error is shown as would require a reversal of the judgment. If the child was permitted to be carried under circumstances that were intended to influence the jury, or it was exhibited to the jury, or if the acts in connection with this matter were such as to bring it within the interdicted rules as laid down by the decisions of this court, the question would be presented for revision, but this bill is too general and does not state the facts so this court is enabled to review it intelligently.

Another bill recites that on re-examination the prosecutrix was permitted to testify that she let the defendant have intercourse with her because he had promised to marry her, when she had testified on cross-examination that the only reason she permitted the defendant to have intercourse with her was that she loved him. What the grounds of objection were are not stated. In fact, this is practically all the bill does state. As it is presented it is entirely too general to require consideration. The evidence was clearly admissible.

There are quite a number of bills of about the same nature and as general in their statements. They are not discussed.

Another bill recites that while the mother of prosecutrix was being cross-examined by the defendant and had stated that Pearle Goode was a sister of prosecuting witness, she was asked if it was not a fact that Pearle Goode had been convicted of murdering her husband and sent to the penitentiary for twenty-five years, and that Levoy Goode was a bastard and a son of Pearle Goode, born before she was married. Objection was urged to this, but the purpose for which this was sought to be introduced is not shown. There are two or three bills bringing up practically the same matter. The court finally qualifies one of the bills as follows: "Approved with the qualification because the mother, Harritte Glasscock, testified that Elsie Glasscock had never associated with Pearle Goode and had never been around her after she was five years old." As this matter is presented, the court was not in error in excluding the testimony. From these bills and this qualification Pearle Goode was an elder sister of prosecutrix, but the prosecutrix had never associated with her since she, prosecutrix, was five years of age.

This is not brought within the rule sought to be invoked by appellant. In fact it would be legitimate to show in connection with prosecutrix that she had been associating with lewd women about the time of her seduction as a means or fact that might indicate to the jury that she was not seduced but was a lewd woman and willingly consented to carnal intercourse without the marital engagement as required by the statute.

There is another bill of exceptions which substantially shows that while Graceton Taylor was testifying the following question was propounded to him: "I will ask you to state whether or not while you were looking in that window at Elsie Glasscock, if Charlie Stracner didn't sit in Elsie Glasscock's lap and unbutton her clothes and put his hand in her bosom?" The district attorney objected to this because it was leading and the court sustained the objection. It is stated that had this witness been permitted to do so he would have testified that defendant on the night in question did sit in the lap of prosecutrix and unbutton her clothes and put his hand in her bosom. When this occurred with relation to the date of seduction this bill does not show, or undertake to state, but the court approves this with the statement that the State objected that the question was leading, witness was allowed to testify fully as to what he saw. The statement of facts if looked to would show this particular transaction was fully investigated, and the witness Taylor testified to everything he saw through the window. This was the defendant and prosecutrix, and the testimony of this witness showed intimacy and relations, to say the least of it, of a very compromising nature.

We are of opinion the evidence is sufficient to sustain this conviction. That appellant had intercourse with the girl is conceded; that they were engaged to be married is not debatable. The record is full of letters written by defendant to the girl verifying this state of case. It is unnecessary to reproduce them. The character of the girl was an issuable fact. It is deemed unnecessary to investigate that phase of it. That is a matter left to the discretion of the jury for decision. The evidence is ample that she was a girl of good character until this matter came up, and also sustained the State's theory that no other man had intercourse with her except the defendant.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 29, 1919.

DAVIDSON, Presiding Judge.—The judgment herein was affirmed at the last term of this court. Motion for rehearing has

been filed in which appellant urges that this court was in error in sustaining the trial court in overruling the third application for continuance. After reviewing the record and motion for rehearing, and the former opinion, it is thought unnecessary to discuss that phase of the case further. The same may be said with reference to the second proposition urged, that is, that this court was in error in sustaining the trial court in refusing a new trial on the ground of newly discovered evidence. We are of opinion that these matters were sufficiently discussed, and correctly decided in the original opinion.

The third ground, as we understand is, is urged against the insufficiency of the corroboration of prosecutrix as evidenced by the letters of appellant. There can be no merit in this question, for the letters are plain and unambiguous. These matters are mentioned incidentally, because all through the motion for rehearing there seems to be a dominant idea that because appellant was only about 16 or 17 years of age at the time of the alleged seduction, therefore he was not punishable; also that the girl alleged to have been seduced was two or three years his senior. Appellant's main contention is that as he was under seventeen years of age at the time of the seduction, therefore he should have been relegated to the juvenile law with reference to youths of that age and not prosecuted for the felony. The issue was not suggested on the trial, but had it been it could not be sustained and is without merit. Appellant was nineteen years of age when tried, and, therefore, the juvenile act did not apply, even had he raised such issue at the time of the trial.

Another contention in the motion is that he being a minor and under age was incapable of contracting marriage, and, therefore, could not be amenable to the law of seduction. This is not a novel question in the courts nor in Texas. This contention was made in McCullar v. State, 36 Texas Crim. Rep., 213, and decided adversely to appellant, as it was in Merrell v. State, 42 Texas Crim. Rep., 19; Harvey v. State, 53 S. W. Rep., 102; Hinman v. State, 59 Texas Crim. Rep., 29. See Branch's Ann. P. C., p. 1462 and note 2722 for collation of authorities. The same question has been decided by the courts of other States. See State v. Brock, 85 S. W. Rep., 595, which is a Missouri case. Quoting from that opinion: "Any person capable of seducing and debauching a female can make a promise of marriage, whatever his age may be, and it is sufficient that he make such a promise, and, in consequence of it, commits the crime. It is idle to say that the defendant was not capable of making such promise at the time alleged in the information, although he may not have been competent, because of his minority, to make a valid contract—such a one as he could have been compelled by legal proceeding to comply with, or to respond

in damages for its violation. It would be strange, indeed, if a person could in this way violate both law and morals, and not be held amenable to the law, but shield himself upon the ground that he was not capable of making a valid contract. Such is not the law.'' We think this opinion correctly enunciates the law.

The motion for rehearing is overruled.

*Overruled.*