THEODORE SMITH v. THE STATE.

No. 8607.    Delivered October 22, 1924.

Rehearing denied December 3, 1924.

Murder—Juvenile—Plea of—Continuance.

Appellant was indicted on April 5th, 1923, at a special term of court, which according to the transcript had been called on March 3d. On April 20th, next to the last day of the special term appellant filed an affidavit setting up that he was a juvenile, under 17 years of age. The matter was set down for a hearing for April 21st and on that date, when called appellant announced ready, but the State asked for a continuance to prepare to meet the allegations, which the court, granted, passing the case to the first day of the following term of court on May 28th, carrying it beyond the time when appellant would become 17 years of age, his eighteenth birthday being on May 23rd. We find no error in granting the postponement to the state.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Fly, Judge.

Appeal from a conviction of murder; penalty, sixteen years in the penitentiary.

*Cunningham & Oliver,* and *Earnest Herring,* for appellant.

*John B. Thomas, W. H. Murchison, Stinson, Coombs & Brooks, M. S. Long,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the murder of J. C. Randel and his punishment assessed at confinement in the penitentiary for 16 years.

The facts incident to the killing and leading thereto are practically undisputed. An indictment was pending in the district court of Stonewall County against Ben Smith, the father of appellant, in which the father was charged with selling intoxicating liquor to one C. T. Clark, the latter being the principal witness. This cause had been set down for trial at Aspermont on March 28th, and Clark was present. Appellant was not a witness in the case, but was in the county seat during the day. Randel, the deceased, was an attorney and was representing Ben Smith in his case. When called for trial the case was continued upon application of defendant. Clark, in his car, together with his son and another party started home, and Randel accompanied them. The road they traveled carried them by the Smith place. Appellant knowing this left Aspermont ahead of them, went to his home, secured a pistol and secreted himself by the side of the road, and as the automobile driven by Clark passed appellant fired two shots, intending to kill Clark, and being in ignorance at the time that Randel, his father's attorney, was in the car. One of the shots struck Randel and caused his death. It is clear from appellant's confession and from his testimony upon the trial that his purpose was to kill Clark to remove him as a witness in the criminal case against his father.

Only one question is raised for review. Appellant was indicted on April 5, 1923, at a special term of court which according to the transcript had been called upon March 3d. The order authorizing the special term recites that it should continue in session from March 3d until such time as the business of the special term might be disposed of. This special term adjourned on April 21st, the order of adjournment reciting that all business for such special term had been transacted. On the last day of the special term save one, to-wit, April 20th, appellant filed his affidavit under Article 1195, Code of Criminal Procedure, stating that he was at that time a juvenile under 17 years of age, and that he would not be 17 years of age until May 23, 1923. In his affidavit appellant requested the court to hear evidence as to his age and if found to be under seventeen that the felony prosecution against him be dismissed and that he be proceeded against as a juvenile delinquent. This affidavit was called to the attention of the presiding judge who set the matter down for hearing at 9 o'clock upon the morning of April 21, 1923, the last day of said special term. When the matter was called at that time appellant announced ready through his attorney, but the State announced that it was not ready and advised the court by a written statement that the affidavit so filed by appellant would require proof on the part of the

State and requesting the court to postpone the hearing to such a time as would permit the State to meet the allegations therein. Upon this request the court postponed hearing on the issue of juvenility until the next regular term of court which convened on May 28th, 1923. Appellant's counsel objected to such postponement, stating that he had the father and mother of appellant present and the family Bible in which the record of appellant's birth was entered, and a certified copy of the record of births in the county. He complained that a postponement of the hearing until after the convening of the next regular term of court on May 28th would carry it beyond the time when appellant would become 17 years of age. In his objection to the postponement as reflected by the bill of exception counsel for appellant asserted that the action of the court in granting the postponement was an arbitrary act on the court's part.

When appellant's case was called for trial on June 18th, during the next regular term appellant then requested the court to hear evidence upon his affidavit which had been filed on April 20th theretofore. It being made known to the court that appellant was at this time over 17 years of age the court refused appellant's request. Upon appellant's motion the venue of the case was then changed from Jones County to Taylor County. When the case was called for trial in Taylor County appellant again called attention of that court to his affidavit and application which had been filed with reference to his juvenility on April 20th, and requested that court to hear proof upon the issue, but it being admitted by the State and appellant that he had become 17 years of age on May 23rd, prior thereto, the court in Taylor County also declined appellant's request, and proceeded to try him upon the felony indictment.

It is apparent from the record that no error was committed by the court in Taylor County, nor in Jones County when the case was called for trial in June, because by the admissions of appellant he had already become seventeen years of age, and the court could only have so declared and declined to have proceeded against him as a juvenile by reason of the fact that he did not then occupy such status. McLaren v. State, 85 Texas Crim. Rep., 31, 209 S. W. 669. So the question reverts to an investigation of the act of the court in originally postponing hearing upon the issue of juvenility on April 21st, 1923. It is stated in the bill of exception as a reason urged against the postponement that it was an "arbitrary" act of the court. This is only the reason given for objection to the action of the court, and does not amount to a certification that in truth the act was an arbitrary exercise of judicial power. Appellant knew that the term of court at which he was indicted was a special term. He further was charged with notice that the 39th Judicial District was composed of a number of counties and that by the terms of the statute court was

practically in session at all times in some one of the various counties of the district. He had been indicted on April 5th and could have known from the order calling the special term that it was to remain in session only until the business was disposed of. Notwithstanding this he waited fifteen days before filing the affidavit setting up his juvenility. The State was not bound by the allegations in the affidavit as to his age, nor by the evidence which he claimed to have present upon that issue when a hearing upon the affidavit was called. By express terms of the statute (Art. 1195, C. C. P.) the representatives of the State are prohibited from an admission as to age but provides that it shall be "proved to the satisfaction of the court by full and sufficient evidence that the defendant is less than seventeen years of age." In the absence of any showing to the contrary we must assume that when the district attorney requested a postponement of the hearing it was done in good faith to enable him to investigate the matter and meet the issue with evidence if he could. There is nothing in the action of the court in continuing the hearing from which we can say it was erroneous or arbitrary. It was the last day of the special term; the business had been disposed of; appellant had waited for fifteen days after his indictment to file the affidavit of juvenility, during all of which time it might have been presented to the court and no reason appears why it was not sooner filed. The fact that a continuance of it to the next regular term carried it beyond the date when appellant ceased to be a juvenile and deprived him of the privileges under the juvenile statute appears to be more the fault of the statute itself. As was said in McLaren v. State, 85 Texas Crim. Rep., 31, 209 S. W. 669:

"It could be hardly be seriously contended that one who had committed a heinous crime, as for instance, murder, while 15 or 16 years of age, and who was not apprehended or indicted until past 21, would, by reason of such lapse, go absolutely unwhipped of justice, unless the language of the law were such as that it was reasonably susceptible of no other construction than one which produced such result. And this is true whether such lapse resulted from an act of the accused or of another, for neither his resistance to or avoidance of prosecution, nor the State's failure or refusal to prosecute, could add to or take from the force of the law as written."

We have disposed of the point without discussing whether a reversal of the judgment could result in benefit to accused under the terms of the "juvenile" act, there being no question but that he is now more than seventeen years of age. The McLaren case (supra) and Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W. 298, deal in some respects with that proposition.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*