MORROW, Presiding Judge.
 

 Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.
 

 The appellant and his companion were observed at a still located upon a creek in Mitchell County. The still was produced and ex.hibited to the jury as were also certain bottles taken from the appellant and his companion at the time of their arrest. The still was described by the testimony of witnesses and was shown to be suitable for making whiskey, and that it was being made use of at the time of the arrest of the appellant, and his companion. There was fermented mash usable for making whiskey found at the same place.
 

 The appeal is based upon the claim that the court should have instructed the jury upon the law of circumstantial evidence. Prom the testimony of one of the officers who made the arrest, we take the following excerpts:
 

 “ . • .At the time I saw this still, it was in operation. We got to within about a hundred yards of where this still was and we saw a fire just flash up, and then we got down and crawled up close to where we could see — I guess we were in twenty feet of it — and we lay there for twenty or thirty minutes. This still was there
 
 *567
 
 connected up just like it is here, and the boiler had a fire under it; it had a little furnace fixed for the boiler to set on and a fire built in that. ... I could smell whiskey. I said that I sa.w a fruit jar setting under the end of that coil.
 

 “There were two Mexicans there right together, working and talking together. . . . This Mexican punched up the fire. "When he first put his stick in it, it flared up and we could see them right there together, working hand in hand.
 

 “When we arrested this Mexican, he had a bottle of whiskey in his hip pocket — one of those bottles • there. We could see the Mexicans working from where we were before we went up to the still.
 

 “At the time we went up to the still the fire was under the boiler, and the boiler was something like half full of hot mash. When I walked down there and arrested these Mexicans, the still was in full operation with a quart fruit jar under the end of the coil to catch the drippings.
 

 “I found some whiskey there at the time in those bottles there. . I smelled and tasted of that liquor; it smelled and tasted like whiskéy; it was whiskey. . . . There was a little whiskey —a very little — in the fruit jar that was setting under the end of the hose.
 

 “I will say that how I know this will make whiskey is that it was in operation and was making whiskey at the time we found it and the whiskey was there to show for itself.”
 

 We are constrained to regard the testimony as direct and not circumstantial.
 

 Appellant testified claiming that he was not interested in the still and said that it belonged to Antonio Ojinogo, who was present at the still at the time of the arrest and who pled guilty to the offense charged.
 

 The issue of fact was resolved against the appellant by the jury guided by instructions which are deemed proper.
 

 The judgment is affirmed.
 

 Affirmed.