## T. L. VAUGHN V. THE STATE.

No. 11048.   Delivered October 26, 1927.

Rehearing denied January 18, 1928.

1.—Manufacturing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Properly Refused.

Where, on a trial for manufacturing intoxicating liquor, appellant was seen dipping out mash from a barrel and pouring it into a still, this was not a case depending upon circumstantial evidence, and the court properly refused to so charge.

ON REHEARING.

2.—Same—Requested Charge—Covered by Main Charge—Properly Refused.

Where appellant claimed that he only dipped up a bucket of mash and poured it into the still out of curiosity, and not in the act of distilling it and this defensive theory was properly submitted in the court's main charge, a requested special charge on the same issue was properly refused.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. E. Myres* of Cleburne, for appellant.

*Jewell N. Bauldwin,* County Attorney; *Pennington J. Jackson,* Assistant County Attorney of Johnson County, and *A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Officers, watching a still they were preparing to seize, saw appellant with a bucket in his hand dipping mash out of a barrel and pouring it in the still. There were others at the still. When appellant and his companions were arrested, officers found that the still was running whiskey.

Appellant assigns as error the failure of the court to submit to the jury as requested by him a charge covering the law of circumstantial evidence. We understand that the main fact, that is, the manufacturing of the whiskey by appellant, was shown by direct evidence. An officer saw appellant dipping mash out of a barrel and pouring it in the still. See Arzote v. State, 270 S. W. 1017.

The court did not err in refusing to submit to the jury appellant's requested instructions Nos. 4 and 5. Paragraphs 4 and 5 · of the court's charge fully cover the affirmative defense of appellant.

We have carefully examined the other matters complained of by appellant and find no error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant cites the case of Berry v. State, 282 S. W. 594, in support of his contention that we erred in not holding this a case of circumstantial evidence. In

that case no one saw the accused in actual possession of the mash, etc. In the case before us officers testified that. they actually saw appellant dip the mash up from the barrel and convey it to the still. We do not believe this a case of circumstantial evidence.

We see no reason to believe our conclusion that the charge of the court fully submitted the affirmative defense was erroneous. In the special charge asked appellant sought to have the jury told that if they thought his acts done at the still were matters of investigation and out of curiosity, he should be acquitted. The charge of the court embraced substantially the same proposition. The court did not include the word "investigation," but did tell the jury if they believed what appellant did was out of curiosity, etc., they should acquit. Appellant testified that when he picked up the bucket he intended to dip up some of the mash out of curiosity. There may be some substantial difference between the defense submitted by the court and that contained in the special charge refused, but we are unable to grasp it.

The motion for rehearing will be overruled.

*Overruled.*