## Ardell Thomas v. The State.

No. 13676.  Delivered November 12, 1930.
Rehearing Denied June 26, 1931.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

We are furnished no brief in appellant's behalf.  There are sixteen bills of exception.  The application for a second continuance was defective in that it did not state that appellant could not procure the same testimony from other witnesses.  We might add that substantially the same evidence was had from other witnesses.  There appears a bill of exception to practically every single ground set up in the motion for new trial.  Each of these has been considered, and we find nothing in any of them of sufficient materiality to call for discussion.  The charge of the court was full, and as far as we are able to tell, submitted every issue pertinent, in approved manner.  The testimony is of sufficient cogence to justify the verdict.  We perceive no good to come from setting it out at

length. Three parties raided a still which was in operation, actually making and then producing whisky. All three of these parties swore that appellant was one of those engaged in the whisky making. His defense was an alibi, to which he and a number of his relatives swore. The jury have settled the conflict in the testimony against him.

No error appearing, the judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We said in our original opinion that appellant's second application for a continuance was defective in failing to aver that the same tstimony expected from the absent witnesses could not be procured from any other source. We were mistaken as to this in so far as the application was based on the absence of Mrs. Burrell Thomas. It did state that her evidence in certain respects could not be procured from any other source. There can be no doubt that her evidence was material and we think that the court committed error in not granting the continuance. The denial of the continuance was made one ground of appellant's motion for new trial. It appears from the court's qualification to the bill which complained of the denial of the continuance that Mrs. Thomas had died between the date of the trial and the time the motion for new trial was presented. Upon hearing of the motion for new trial, even had the trial court concluded that he had been in error in refusing the continuance, he was confronted with the proposition that to have granted the new trial would have availed appellant nothing because he had been deprived of the witness' evidence on another trial because of her death. To now reverse the judgment because of an error in refusing the continuance would be a useless thing. Similar questions in principle will be found discussed in Tapley v. State, 25 S. W. (2d) 869; Medlin v. State, 29 S. W. (2d) 752; McLaren v. State, 85 Texas Crim. Rep., 31, 209 S. W., 669; Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W., 298; Smith v. State, 98 Texas Crim. Rep., 409, 266 S. W., 153.

It is not necessary to consider the other witness for whom the continuance was sought as the court certifies that this witness appeared at the trial, was tendered to appellant, but was not used as a witness.

Written exception was taken to the court's charge for its failure to submit any instruction on the law of circumstantial evidence. Such omission is again urged as error in the motion for rehearing. Two deputy sheriffs and the sheriff testified that they found appellant and two other parties at a still which was in operation. The officers agreed that when they got to within thirty or forty yards of the still the parties discovered them and all of them fled. They escaped for the time being but were

later arrested. One of the deputies testified "they were working around the still when I first saw them, I don't know now just what they were doing. I don't remember." The other deputy testified "they were doing something; I don't remember what they were doing, all three of them were just right up around the still." The sheriff testified in substance that appellant was one of the parties but he could not tell what they were doing around the still; that the officers were slipping up on them and watching them. He said he could not be positive that he saw appellant doing any work at the still.

It was not appellant's defense that he was present at the still as an innocent bystander, but he defended on the ground that he was not there at all, insisting that the officers were mistaken in their testimony identifying him as one of the parties. Appellant insists that the state's case is one depending upon circumstantial evidence and relies on the cases of Berry v. State, 104 Texas Crim. Rep., 114, 282 S. W., 594, and Ellsworth v. State, 92 Texas Crim. Rep., 334, 244 S. W., 147, to support his proposition. It will be found in each of the cases mentioned that accused admitted his presence at the time and place of the commission of the offense but denied guilty participation therein. From the facts it appeared that the State was relying upon circumstances only to connect the accused with the commission of the offense and therefore the cases were reversed for a failure to charge upon circumstantial evidence. It does not occur to us that the facts of the present case bring it within the rule announced in those just mentioned. Helton v. State, 94 Texas Crim. Rep., 359, 250 S. W., 1030; Arzate v. State, 99 Texas Crim. Rep., 534, 270 S. W., 1017, appear to be more nearly in point and are against appellant's contention.

Believing the case was properly disposed of in our original opinion, the motion for rehearing is overruled.

*Overruled.*