HUBERT WALKER v. THE STATE.

No. 14810. Delivered January 27, 1932.

The opinion states the case.

*Reagan Huffman,* of Marshall, for appellant.

*John E. Taylor,* County Attorney of Marshall, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

The state's evidence is in substance as follows: For some undisclosed reason, officers Huffman and Harrison went to what is described as the Coon residence, situated in the part of town in which the appellant resided. Huffman testified that he observed the appellant coming out of the house and walking on the back porch. He had a rubber boot in his

hand. In the boot was a half-gallon jar of corn whisky. The appellant was arrested. Before reaching jail he made his escape but was immediately apprehended. Mildred Coon said, "Don't arrest him, take me."

Mildred Coon, who occupied the house and admitted the possession of some whisky, was apparently arrested for intoxication on the day of the appellant's arrest. She was quoted by other witnesses as having stated that she had a half-pint of whisky and that the appellant should not be punished.

On the date of the offense (March 9, 1931), the appellant was a youth under seventeen years of age. He became seventeen years old on the 28th day of April, 1931. According to the averment of the motion for new trial, the appellant's case was not tried during the first jury week but was purposely postponed until he should reach the age of seventeen years; that this was done by the prosecution to the end that the accused might not be tried as a juvenile but for a felony. However, these are but averments in the motion for new trial. The accused was not represented by an attorney at the trial. Whether he was advised of his right to apply for a suspended sentence is not disclosed by the record. After the conviction, an attorney appeared for him and prepared the motion for new trial in which he presented the appellant's claim for a new trial in the best light doubtless that was possible. The manner of the trial, however, in which there were no exceptions to the procedure, left no tangible basis for the motion for new trial other than the suggestion of the insufficiency of the evidence.

From the averments of the motion, it seems that on the day of the appellant's arrest, Louise Davis visited the home of Mildred Coon, who was drunk at the time. A quarrel and an altercation between the two occurred, and Louise Davis called the officers and left. Louise Davis would have testified that Mildred Coon possessed liquor in the house, and on the same day of the appellant's arrest, she swore to a complaint charging Mildred Coon with transporting intoxicating liquor.

Another witness whom it is claimed was undiscovered before the trial, would have testified that Mildred Coon bought and paid for the whisky which was taken from the appellant, and that Mildred Coon had hid the whisky in a boot. It is claimed that these facts were unknown to the appellant, but were ascertained after his conviction by the diligence of his grandfather.

Appellant did not testify in his own behalf, and the testimony of the officer who arrested him to the effect that at the time of his arrest the appellant had in his possession a half-gallon of whisky is uncontroverted. In the face of that testimony, the fact that Mildred Coon may have owned the whisky would not have exculpated the appellant who possessed it.

It may be added that the averments with reference to the evidence

charged to have been newly discovered are not such as to meet the demands of the law when newly·discovered evidence is relied upon as ground for a new trial.

The averment in the motion for new trial to the effect that the appellant was under the age of seventeen years and therefore a delinqunt child under title 16, articles 1083-1093, C. C. P., 1925, was purposely supressed from the trial and the trial purposely delayed in order to await the birthday of the appellant upon which he would become seventeen years of age, is not supported by the evidence. As a general rule, the age of a youth at the time of the trial is controlling with reference to whether he should be tried as a felon or as a juvenile. See Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W., 298; McLaren v. State, 85 Texas Crim Rep., 31, 209 S. W., 669; Stracner v. State, 86 Texas Crim. Rep., 89, 215 S. W., 305; Smith v. State, 98 Texas Crim. Rep., 409, 266 S. W., 153. In the Watson case, supra, it is said: "We would be unwilling to give our approval to a course of delay for the sole purpose of depriving an accused of his privilege under the juvenile law."

Upon the motion for new trial, the burden of showing the transgression of the right of the accused to be tried as a juvenile would be upon the accused. To require review on appeal, it would be essential that there be proof. In the present instance, there is a mere avermnt.

The accused made no application for a continuance, though it appears from the record that he did request a delay. The law contemplates that the motion for a continuance be in writing and that to call for a review on appeal, the complaint that it was overruled should be supported by a bill of exception.

It is·likewise statutory that the complaint of the charge of the court, to receive attention on appeal, must be made the subject of exception on the trial. See article 658, C. C.·P., 1925.

Touching the various matters of fact set up on the motion for new trial, we are constrained to state that they are not, under the law, available to the appellant for the reason that the order of the court overruling the motion for new trial recites that the court heard evidence thereon. Under such circumstances, there being in the record no evidence upon the subject, it must be presumed upon appeal that the evidence heard supported the ruling of the court. See Crouchett v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99.

Because of the youth of·the appellant, it is a subject of regret that at the time of his trial he was not represented by counsel to the end that his defenses, if any existed, might have been presented in an orderly manner. The record is silent with reference to whether the accused was admonished of his right to a susuended sentence. Under the circumstances, the presumption must be indulged that it was not overlooked.

The intimation coming from the evidence that older persons may

have been criminally connected with the transaction and that there influence may have been potent upon the accused, and having in mind that he is apparently a negro boy who has just passed the age of seventeen years, impels the suggestion that the case is one which might well attract the attention of the executive department of the state.

The judgment is affirmed.

*Affirmed.*