### EX PARTE ERMA LEE WASHINGTON.

No. 23879. Delivered October 22, 1947.

*George Q. Youngblood* and *Bern Wilson,* both of Dallas, for appellant.

*Will R. Wilson, Jr.,* District Attorney, and *Kiel Boone,* Assistant District Attorney, both of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The record reflects that on the 9th day of July, 1947, appellant applied to the Hon. Joe B. Brown, Judge of the County Criminal Court of Dallas County, for a writ of habeas corpus, alleging that she was illegally restrained of her liberty by the sheriff of said county and prayed that upon a hearing thereof she be discharged from the custody of the sheriff. A hearing was had thereon by the court on the following day. It seems that at the hearing an agreement, as to the existence of certain facts, was made and entered into between the State and appellant which appears in the record and shows that appellant was convicted in Cause No. 26,030, styled The State of Texas v. Irma Lee Sory, alias Erma Lee Cox, alias Erma Lee Washington, on the docket of the County Criminal Court of Dallas County, Texas. That on the 28th day of October, 1943, she was duly tried in said court, was found guilty of the primary offense

charged as well as that she had been convicted of several prior like offenses and her punishment was assessed at confinement in the County jail for a term of six years. Just what offense she was charged with and of what offenses she had been previously convicted, is not disclosed by the record. However, it was agreed that she was charged under Art. 61 of the penal statutes with prior convictions of a like offense with which she was then charged and that she was one and the same person. It was further stipulated that Dallas County has no workfarm or workhouse and no manner or means provided for her to work out the jail penalty assessed against her. The court, after hearing the stipulations aforesaid, denied the writ, remandel her to the custody of the sheriff, and declined to release her on bond pending the disposition of her case on appeal to this Court.

Her contention is that since Dallas County has not provided a workfarm or workhouse as provided in Sections 1 and 2 of Art. 794, C. C. P., where she might perform manual labor, she could not under Section 6 of said article be confined in jail longer than one year. We are not in accord with her contention because, if one is convicted of negligent homicide in the second degree and his punishment assessed at confinement in the county jail for a period of three years as prescribed for such offense, or if one be convicted of an aggravated assault and battery and his punishment is assessed at confinement in the county jail for a period of two years as prescribed by law for such offense, such convicted persons would, under appellant's contention, be entitled to their liberty at the end of one year. Such a construction of Art. 794, C. C. P. would be inconsistent with the law prescribing the punishment for the abovementioned offenses.

In construing Art. 794, we must seek to ascertain the object and purpose of the legislature in passing the act under consideration and harmonize the same with other parts of the penal laws, if possible. The article reads as follows:

"Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations:"

Section 1 thereof reads as follows:

"Each commissioners court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted."

Section 2 thereof reads as follows:

"Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations *not inconsistent with the laws* as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor."

Section 5 thereof reads as follows:

"They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm."

Section 6 thereof reads as follows:

"They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year."

Section 11 thereof reads as follows:

"One convicted of a misdemeanor whose punishment either in whole or in part is imprisonment in jail may avoid manual labor by payment into the county treasury of one dollar for each day of the term of his imprisonment, and the receipt of the county treasurer to that effect shall be sufficient authority for the sheriff to detain him in jail without labor."

It occurs to us that the object and purpose of the legislature was to authorize the commissioners court to require convicts to perform manual labor while so confined in the county jail, but while so confined in jail shall not be required to perform manual labor for more than one year. However, this does not mean that at the end of one year the convict would be entitled to be released from confinement when his punishment was assessed at confinement in the county jail for a period of two or three years. To so hold would, in some cases, nullify the punishment specifically prescribed for certain offenses and substitute a different punishment than the one assessed by the jury and the judgment of the trial court long after the judgment had become final.

We are of the opinion that the provision in Section 6 of Article 794 C.C.P. merely limits the time a county convict may be required to perform manual labor during the period of time of his incarceration and does not in any manner relieve him from paying the penalty imposed upon him for the offense for which he was convicted. It appears to us that the foregoing article relates solely to the subject of labor and by no means to the subject of punishment prescribed for certain offenses.

Appellant also contends that Article 61, P. C. is vague, indefinite and uncertain since it fails to provide whether the punishment shall be double the minimum or maximum for an ordinary case. We do not feel that we are required to discuss this question in this proceeding.

Here there is not any showing that the judgment of conviction under and by virtue of which she was confined in jail was void. Consequently, the court below would have been justified in refusing to grant the writ. See Ex Parte Pate, 21 Tex. App. 190.

The judgment of the trial court is affirmed.

Opinion approved by the Court.