EX PARTE WALTER LEWIS RHEUDE

No. 28,205. April 11, 1956.

*Walker F. Means,* Pecos, and *Howze & Howze,* by *Murray J. Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant, relator in the trial court, petitioned Hon. Roy Biggs, Judge of the county court of Reeves County, for writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by the sheriff of said county, under and by virtue of a judgment issued out of said county court as a juvenile court.

The writ was granted and, after hearing, Judge Biggs remanded appellant to custody and from such order this appeal is prosecuted.

The order of commitment in the juvenile court found appellant to be a delinquent child and committed him to the care, control and custody of the Texas State Youth Development Council in accordance with Art. 5143c V.C.S. The judgment adjudging appellant to be a delinquent child was rendered the same day, and notice of appeal to the Texas Court of Civil Appeals of the Eighth Supreme Judicial District was given. Bond was requested in connection with both appeals.

Art. 2338-1, Sec. 21, V.C.S., provides that appeal from a judgment of a juvenile court declaring a child to be delinquent may be taken to the court of civil appeals "as in other civil cases;" that an appeal shall not suspend the order of the juvenile court nor discharge the child from custody; but that the appellate court "may provide for a recognizance bond."

The record shows that appellant is lawfully restrained under the civil statutes herein mentioned. Any question as to the validity of the statutes, or the judgment or commitment under which appellant is held in custody is for the civil courts.

The judgment is affirmed.