AFFIRM; Opinion Issued January 22, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00947-CR

### KENNETH DWAYNE PHIFER, Appellant

V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-63053-U

## OPINION

Before Chief Justice Wright and Justices O'Neill and Maloney[1]
Opinion by Justice Maloney

The trial court convicted Kenneth Dwayne Phifer of family violence assault, enhanced by a family violence assault conviction.[2] *See* TEX. PENAL CODE ANN. § 22.01(a), (b–1) (West 2011). The trial court assessed punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine. In a single issue, appellant complains the trial court lacked jurisdiction to hear this case and render judgment because the case was never transferred from the 194th Judicial District Court to the 291st Judicial District Court. We affirm the

---

[1]The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2]The indictment alleged two felony convictions—family violence assault and burglary of a habitation—and a misdemeanor family violence assault conviction . The trial court granted the State's motion to strike the felony convictions.

trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. We take judicial notice that the district courts at issue in this case are both located in Dallas County.

Appellant recites that jurisdiction vested in the 194th Judicial District Court when a grand jury returned the indictment to that court. He argues jurisdiction remained in that court because the record does not contain an order from the 194th Judicial District Court transferring jurisdiction to the 291st Judicial District Court where the case was heard and judgment was rendered. Appellant acknowledges that "authority is against his position," but argues those cases cite no "constitutional or statutory authority that jurisdictional defect can be cured by procedural default."

A grand jury formed and impaneled by a district judge inquires "into all offenses liable to indictment," and hears all the testimony available before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. art. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). A grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Dallas Cnty. Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.—Dallas 1998, no pet.). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE. CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961). In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004);

*see also* TEX. GOV'T CODE ANN. § 74.093 (West Supp. 2012) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, however, it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

Here, the record shows the grand jury was impaneled in the 194th Judicial District Court. Following the return of appellant's indictment, the case was filed in the 291st Judicial District Court. Nothing in the record indicates this case was originally filed in or appeared on the trial docket of the 194th Judicial District Court. Because the 291st Judicial District Court had jurisdiction to hear appellant's case and render judgment, we overrule appellant's sole issue.

We affirm the trial court's judgment.

FRANCES MALONEY
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH DWAYNE PHIFER, Appellant

No. 05-12-00947-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F11-63053-U).
Opinion delivered by Justice Maloney, Chief
Justice Wright and Justice O'Neill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 22, 2013.

FRANCES MALONEY
JUSTICE, ASSIGNED