**MODIFY and AFFIRM; and Opinion Filed May 6, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01208-CR
No. 05-12-01209-CR
No. 05-12-01210-CR

**ALTON LEE JEWEL BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-51396-U, F12-51397-U, F12-51398-U**

## MEMORANDUM OPINION

Before Justices FitzGerald, Murphy, and Lewis
Opinion by Justice Murphy

Alton Lee Jewel Bryant appeals his convictions for aggravated robbery, unlawful possession of a firearm by a felon (UPFF), and evading arrest. In a single point of error, appellant contends the 291st district court lacked jurisdiction to hear the cases and render judgments because the cases were not transferred to that court. We conclude the cases were properly filed in the 291st district court after return of the indictments and affirm the judgments, as modified to accurately reflect the pleas, the trial court's findings, and the judgments. *See* TEX.

R. APP. P. 43.2(b). We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

Appellant waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, UPFF, and evading arrest while using a vehicle. *See* TEX. PENAL CODE ANN. §§ 29.03(a), 38.04(a), (b)(2)(A), 46.04(a) (West 2011). Appellant also pleaded true to one enhancement each in the aggravated robbery and evading arrest cases. The trial court sentenced appellant to imprisonment, as follows: thirty years for the aggravated robbery, ten years for the UPFF, and twenty years for the evading arrest. The trial court also assessed a $2,000 fine in each case.

Appellant contends in his sole point of error that the 291st Judicial District Court lacked jurisdiction over the cases because they were not transferred to the court's docket. Specifically, the indictments in the aggravated robbery and UPFF cases were returned in Criminal District Court No. 5 and the indictment in the evading arrest case was returned in the 283rd Judicial District Court. Appellant argues transfer orders were required before the 291st Judicial District Court could hear the cases and render judgments.

A grand jury formed and impaneled by a district judge inquires into "all offenses liable to indictment" and hears testimony before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. art. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). After the conclusion of testimony, the grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the

courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West Supp. 2010) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court sitting in Dallas may impanel a grand jury; yet all cases returned by that grand jury are not necessarily assigned to the same court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

Two grand juries returned indictments for appellant: Criminal District Court No. 5 and the 283rd Judicial District Court. The cases were then filed in the 291st Judicial District Court. The record does not indicate the cases were ever filed in or appeared on the trial dockets of Criminal District Court No. 5 or the 283rd Judicial District Court. Because the 291st Judicial District Court had jurisdiction to hear appellant's cases and render the judgments, we resolve appellant's sole point of error against him.

In reviewing the record, we observe the written judgments do not accurately reflect the proceedings. Specifically, appellant pleaded true to one enhancement paragraph in the aggravated robbery and evading arrest cases and the trial court found the enhancement paragraphs true. Additionally, the trial court assessed a $2,000 fine in each case. Yet the judgments in the aggravated robbery and evading arrest cases do not reflect those pleas or findings. The judgments in the UPFF and evading arrest cases also do not include the $2,000 fine that was pronounced orally. Accordingly, we modify the trial court's judgments as follows: (1) in cause no. 05-12-01208-CR, we modify the judgment to show the plea to the first enhancement paragraph is true and the finding on the first enhancement paragraph is true; (2) in cause no. 05-12-01209-CR, we modify the judgment to show the fine is $2,000; and (3) in cause no. 05-12-01210-CR, we modify the judgment to show the plea to the first enhancement

paragraph is true, the finding on the first enhancement paragraph is true, and the fine is $2,000.

*See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.

/Mary Murphy/
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121208F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALTON LEE JEWEL BRYANT, Appellant

No. 05-12-01208-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-51396-U).

Opinion delivered by Justice Murphy, Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 1st Enhancement" is modified to show "True."

The section entitled "Findings on 1st Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered May 6, 2013.

/Mary Murphy/
MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALTON LEE JEWEL BRYANT, Appellant

No. 05-12-01209-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-51397-U).

Opinion delivered by Justice Murphy, Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$2,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered May 6, 2013.

/Mary Murphy/
MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

ALTON LEE JEWEL BRYANT, Appellant

No. 05-12-01210-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-51398-U).

Opinion delivered by Justice Murphy, Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 1st Enhancement" is modified to show "True."

The section entitled "Findings on 1st Paragraph" is modified to show "True."

The section entitled "Fine" is modified to show "$2,000."


As modified, we **AFFIRM** the trial court's judgment.


Judgment entered May 6, 2013.


/Mary Murphy/

MARY MURPHY
JUSTICE