**AFFIRMED; Opinion Filed February 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01488-CR

### RONNIE LEE DELP, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F11-31504-L

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Ronnie Lee Delp, Jr. appeals his conviction for aggravated assault with a deadly weapon. In a single issue, appellant contends the trial court lacked jurisdiction to hear the case and render judgment. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a baseball bat. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). The trial court deferred adjudicating guilt, placed appellant on three years' community supervision, and assessed a $2,500 fine. The State later moved to adjudicate guilt, alleging appellant violated the conditions of his community supervision. Appellant pleaded true to the allegations in a hearing on the

motion. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at three years' imprisonment.

In his sole issue, appellant contends the Criminal District Court No. 5 lacked jurisdiction over the case because it was not properly transferred to the court's docket. Because the indictment was returned in the Criminal District Court No. 6, and the record contains no order transferring the case to the Criminal District Court No. 5 where the case was heard and the judgment was rendered, the trial court did not have jurisdiction over the case. The State responds Criminal District Court No. 5 always had jurisdiction over the case and no transfer order was necessary.

A grand jury formed and impaneled by a district judge inquires into offenses liable to indictment and hears testimony before voting on whether to induct an accused. TEX. CODE CRIM. PROC. ANN. arts. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). After the conclusion of testimony, the grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the court may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand

jury, but it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

While the record shows the grand jury that returned the indictment was presided over by the Criminal District Court No. 6, the case was thereafter filed in the Criminal District Court No. 5. We take judicial notice that both of these courts are located in Dallas County. Nothing in the record shows the case was ever filed or appeared on the trial docket of Criminal District Court No. 6. Because the Criminal District Court No. 5 had jurisdiction to hear appellant's case and render the judgment, we resolve appellant's sole issue against him.

We affirm the trial court's judgment.


/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131488F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE LEE DELP, JR., Appellant

No. 05-13-01488-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-31504-L).
Opinion delivered by Justice Lang, Justices
Moseley and Francis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 26, 2014.

/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE