**AFFIRM; and Opinion Filed March 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00615-CR
No. 05-13-00616-CR

**ROBERT IVES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-34069-X, F12-19082-X**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

A jury convicted Robert Ives of burglary of a habitation and unauthorized use of a motor vehicle (UUMV). The jury found one enhancement paragraph true and assessed punishment at twenty-five years' imprisonment on the burglary. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 30.02(a)(1) (West 2011). The jury assessed punishment at two years' confinement in a state jail on the UUMV. *See* TEX. PENAL CODE ANN., §§ 12.35(a), 31.07(a) (West 2011). In two issues, appellant contends the sentence imposed in the burglary case violates the United States Constitution and the trial court lacked jurisdiction to hear both cases and render judgment. We affirm the trial court's judgments.

In his first issue, appellant contends the twenty-five-year sentence imposed in the burglary case is grossly disproportionate to the offense, in violation of the Eight Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. Appellant asserts that because he had "turned his life over to God and began ministering to others," he should not have received a twenty-five-year prison term. The State responds that appellant failed to preserve his complaint for appellate review and alternatively, the jury had discretion to impose any sentence within the punishment range.

Appellant did not complain about the sentence either at the time it was imposed or in his motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d at 723. Thus, appellant has not preserved this issue for appellate review. Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant's second-degree burglary offense was enhanced by a prior felony conviction, making it punishable as a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 30.02(a)(1). The punishment range for a first-degree felony is imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.32. Appellant's twenty-five-year sentence is within the statutory punishment range. We overrule appellant's first issue.

In his second issue, appellant contends the Criminal District Court No. 6 lacked jurisdiction over the two cases because they were not properly transferred to the court's docket. Appellant asserts the burglary indictment was returned in the 292nd Judicial District Court and the UUMV indictment was returned in Criminal District Court No. 1. Appellant contends that because the records do not contain orders transferring the cases to Criminal District Court No. 6

where the cases were heard and the judgments were rendered, the trial court did not have jurisdiction over the cases. The State responds that Criminal District Court No. 6 always had jurisdiction over the cases and no transfer orders were necessary.

A grand jury formed and impaneled by a district judge inquires into offenses liable to indictment and hears testimony before voting on whether to induct an accused. TEX. CODE CRIM. PROC. ANN. arts. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). After the conclusion of testimony, the grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the court may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by the grand jury are assigned to the impaneling court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

While the record shows the grand jury that returned the burglary indictment was presided over by the 292nd Judicial District Court, and the grand jury that returned the UUMV indictment was presided over by Criminal District Court No. 1, the cases were thereafter filed in the Criminal District Court No. 6. We take judicial notice that all three of these courts are located in

Dallas County. Nothing in the record shows the cases were ever filed in or appeared on the trial dockets of the 292nd Judicial District Court or Criminal District Court No. 1. Because the Criminal District Court No. 6 had jurisdiction to hear appellant's cases and render the judgments, we overrule his second issue.

We affirm the trial court's judgments.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130615F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT IVES, Appellant

No. 05-13-00615-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas (Tr.Ct.No. F12-34069-X).
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 31, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT IVES, Appellant

No. 05-13-00616-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 6 of Dallas County, Texas (Tr.Ct.No.
F12-19082-X).
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 31, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE