**AFFIRMED as Modified; Opinion Filed April 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00954-CR

### QUENTIN LEON MURRAY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-24209-U

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Quentin Leon Murray appeals his conviction for aggravated assault involving serious bodily injury/family violence. The trial court also made an affirmative finding that appellant used or exhibited a deadly weapon, not a firearm. The trial court assessed punishment, enhanced by one prior felony conviction, at thirty years' imprisonment. In a single issue, appellant contends the trial court lacked jurisdiction to hear the case and render judgment. We modify the trial court's judgment and affirm as modified.

In his sole issue, appellant contends the 291st Judicial District Court lacked jurisdiction over the case because it was not properly transferred to the court's docket. Appellant contends that

because the indictment was returned in the Criminal District Court No. 5, and the record contains no order transferring the case to the 291st Judicial District Court where the case was heard and the judgment was rendered, the trial court did not have jurisdiction over the case. The State responds the 291st Judicial District Court always had jurisdiction over the case and no transfer order was necessary.

A grand jury formed and impaneled by a district judge inquires into offenses liable to indictment and hears testimony before voting on whether to induct an accused. TEX. CODE CRIM. PROC. ANN. arts. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). After the conclusion of testimony, the grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the court may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

While the record shows the grand jury that returned the indictment was presided over by the Criminal District Court No. 5, the case was thereafter filed in the 291st Judicial District Court. We take judicial notice that both of these courts are located in Dallas County. Nothing in the record shows the case was ever filed or appeared on the trial docket of Criminal District Court No. 5.

Because the 291st Judicial District Court had jurisdiction to hear appellant's case and render the judgment, we resolve appellant's sole issue against him.

We note the judgment reflects a plea of true and a finding of true to a second enhancement paragraph. The record, however, shows the State alleged only one prior conviction for enhancement purposes. Appellant pleaded true to one enhancement paragraph and the trial court found one enhancement paragraph true. Thus, the judgment is incorrect. We modify the judgment to show there was no plea or finding on a second enhancement paragraph. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


/ Jim Moseley
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130954F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUENTIN LEON MURRAY, Appellant

No. 05-13-00954-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-24209-U).
Opinion delivered by Justice Moseley, Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered April 30, 2014.

/Jim Moseley
JIM MOSELEY
JUSTICE

-4-