**AFFIRMED; Opinion Filed November 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00514-CR

---

### DUSTIN KIETH DAVIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F11-36043-L

---

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Dustin Kieth Davis appeals following the revocation of his community supervision. In a single issue, appellant contends the trial court lacked jurisdiction to hear the case and render judgment. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to DWI with child passenger. *See* TEX. PENAL CODE ANN. § 49.045(a) (West 2011). After finding appellant guilty, the trial court assessed punishment at two years' confinement in state jail, probated for three years, and a $1,500 fine. The State later moved to revoke appellant's community supervision, alleging appellant violated six conditions of his supervision. Appellant pleaded true to the allegations in

a hearing on the motion. The trial court granted the motion, revoked appellant's community supervision, and assessed punishment at two years' confinement in state jail.

In his sole issue, appellant contends the trial court lacked jurisdiction to hear the instant case and render judgments because the case was not transferred to its docket. Appellant argues the Criminal District Court No. 5 had no jurisdiction over this case because the indictment was returned in the 283rd Judicial District Court. Thus, the judgment is void. We disagree.

A grand jury formed and impaneled by a district judge inquires "into all offenses liable to indictment," and hears all the testimony available before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. art. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). A grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Dallas Cnty. Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.–Dallas 1998, no pet.). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by the grand jury are assigned to

the impaneling court.  *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.–Dallas 2005, pet. ref'd).

While the record shows the grand jury that returned appellant's indictment was presided over by the 283rd Judicial District Court, the case was thereafter filed in the Criminal District Court No. 5.  We take judicial notice that both of these courts are located in Dallas County. Nothing in the record indicates this case was ever filed in or appeared on the trial docket of the 283rd Judicial District Court.  Because the Criminal District Court No. 5 had jurisdiction to hear appellant's case and render judgment, we overrule appellant's sole point of error.  *See Mills v. State*, 742 S.W.2d 832, 835 (Tex. App.—Dallas 1987, no pet.).

We affirm the trial court's judgment.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140514F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DUSTIN KIETH DAVIS, Appellant

No. 05-14-00514-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-36043-L).
Opinion delivered by Justice Stoddart,
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 24, 2014.