**AFFIRMED; Opinion Filed March 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00978-CR
No. 05-14-01333-CR
No. 05-14-01334-CR
No. 05-14-01335-CR
No. 05-14-01336-CR
No. 05-14-01337-CR

**NICHOLAS DAVELL AMOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-41905-U, F12-31502-U, F13-31526-U,**
**F13-41904-U, F14-40593-U, and F14-40594-U**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Nicholas Davell Amos appeals his convictions for fraudulent use or possession of

identifying information of an elderly person, forgery by check, forgery by check of an elderly

person, forgery of a financial instrument, and tampering with a governmental record. In two

issues, appellant contends the trial court lacked jurisdiction to hear the cases and render the

judgments and the evidence is insufficient to support the convictions. We affirm the trial court's judgments.

## BACKGROUND

Appellant waived a jury and pleaded guilty to the following offenses: fraudulent use or possession of identifying information of an elderly person (cause no. 05-14-00978-CR); forgery by check (cause nos. 05-14-01333-CR and 05-14-01334-CR); forgery by check of an elderly person (cause no. 05-14-01335-CR); forgery of financial instrument (cause no. 05-14-01336-CR); and tampering with a governmental record (cause no. 05-14-01337-CR). *See* TEX. PENAL CODE ANN. §§ 32.21(b), (d), (e-1), 32.51(b)(1), (c-1), 37.10(a)(2), (c)(2)(A) (West 2011 & Supp. 2014). Appellant also pleaded true to two enhancement paragraphs contained in each indictment. After finding appellant guilty and the enhancement paragraphs true, the trial court assessed punishment at twenty-five years' imprisonment on his convictions for fraudulent use or possession of identifying information of an elderly person, forgery by check of an elderly person, and tampering with a governmental record, and ten years' imprisonment on the remaining three forgery convictions.

## TRANSFER ORDER

In his first issue, appellant contends the trial court lacked jurisdiction to hear the cases and render the judgments because they were not transferred to its docket. Appellant argues the cases were presented to the 195th Judicial District Court, and there were no orders transferring the cases from that court to the 291st Judicial District Court where they were heard and the judgments rendered. The State responds that the trial court always had jurisdiction over these cases; therefore, no transfer orders were necessary.

A grand jury formed and impaneled by a district judge inquires "into all offenses liable to indictment," and hears all the testimony available before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. art. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). A grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Dallas Cnty. Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.–Dallas 1998, no pet.). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by the grand jury are assigned to the impaneling court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.–Dallas 2005, pet. ref'd).

While the record shows the 195th Judicial District Court presided over the grand jury that returned the six indictments, the cases were thereafter filed in the 291st Judicial District Court. We take judicial notice that both of these courts are located in Dallas County. Nothing in the record indicates the cases were ever filed in or appeared on the trial docket of the 195th Judicial

-3-

District Court. Because the 291st Judicial District Court had jurisdiction to hear appellant's cases and render the judgments, we overrule appellant's first issue.

INSUFFICIENT EVIDENCE

In his second issue, appellant contends the evidence is insufficient to support his convictions for forgery by check (cause nos. 05-14-01333-CR and 05-14-01334-CR), forgery of a financial instrument (cause no. 05-14-01336-CR), and tampering with a governmental record (cause no. 05-14-01337-CR). Appellant argues there is no evidence admitted in support of his guilty pleas, in violation of article 1.15 of the Texas Code of Criminal Procedure, because the judicial confessions were not marked as exhibits in the cases. The State responds the evidence is sufficient to support the convictions.

Article 1.15 provides that when a defendant waives his right to a jury trial and pleads guilty, the State need only introduce sufficient evidence to support the plea and establish the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Wright v. State,* 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. M*cGill v. State,* 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *see Ex parte Martin,* 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g). The evidence sufficiently supports a plea of guilty if it embraces every element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

The records in these cases show the trial court admitted appellant's "signed judicial confession and stipulation of evidence in each of the six cases" without objection. Appellant's signed pleas of true to the enhancement paragraphs in each of the six cases was also admitted without objection. The judicial confessions are included in the appellate record. A judicial confession acknowledging guilt of the indictment's allegations is sufficient to meet the

-4-

requirements of Article 1.15. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979.

Moreover, appellant testified under oath that he committed the offenses as alleged in the indictments. Appellant's testimony embraced every essential element of the offenses charged and was sufficient evidence to establish his guilt. As such, it was sufficient to support appellant's pleas and the findings of guilt under article 1.15. *See Stone*, 919 S.W.2d at 427. We overrule appellant's second issue.

In each case, we affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
Tex. R. App. P. 47
140978F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-00978-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-41905-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01333-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-31502-U).
Opinion delivered by Justice Stoddart,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01334-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-31526-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01335-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-41904-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01336-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F14-40593-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01337-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F14-40594-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this March 31st of March, 2015.